UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

KEITH ARBARCHUK,
       Plaintiff,

   v.               DECISION AND ORDER
                       14-CV-450S
CAROLYN W. COLVIN,
Acting Commissioner of Social Security,

       Defendant.
_____

   1.  Plaintiff, Keith Arbarchuk, challenges an Administrative Law Judge's ("ALJ") determination that he is not disabled within the meaning of the Social Security Act ("the Act"). Plaintiff alleges that he has been disabled since June 30, 2007, due to pain and functional limitations from herniated lumbar discs and a left knee meniscus tear. Plaintiff contends that his impairments have rendered him unable to work. He therefore asserts that he is entitled to disability benefits under the Act.

   2.  Plaintiff applied for Disability Insurance Benefits ("DIB") on August 24, 2011. The Commissioner of Social Security initially denied his application on November 16, 2011. Pursuant to Plaintiff's request, ALJ Donald T. McDougall held an administrative hearing on December 20, 2012, at which time Plaintiff appeared with counsel and testified. Impartial vocational expert (VE), Jay Steinbrenner, also testified at the hearing. The ALJ considered the case *de novo*, and on January 17, 2013, he issued a decision finding Plaintiff was not disabled from June 30, 2007, Plaintiff's alleged onset date, through December 31, 2012, the date Plaintiff was last insured for DIB, and denying Plaintiff's application for benefits. On April 21, 2014, the Appeals

Council denied Plaintiff's request for review. Plaintiff filed the current civil action on June 12, 2014, challenging Defendant's final decision.[1]

      3.      On October 21, 2014, Plaintiff filed a Motion for Judgment on the Pleadings pursuant to Rule 12(c) of the Federal Rules of Civil Procedure. (Docket No. 9). On January 21, 2015, the Commissioner filed a Motion for Judgment on the Pleadings and in Response to Plaintiff's Brief. (Docket No. 13). Plaintiff filed a reply on February 11, 2015 (Docket No. 14), at which time this Court took the matter under advisement without oral argument. For the following reasons, Plaintiff's motion is granted and Defendant's motion is denied.

      4.      A court reviewing a denial of disability benefits may not determine *de novo* whether an individual is disabled. See 42 U.S.C. §§ 405(g), 1383(c)(3); Wagner v. Sec'y of Health & Human Servs., 906 F.2d 856, 860 (2d Cir. 1990). Rather, the Commissioner's determination will be reversed only if it is not supported by substantial evidence or there has been a legal error. Balsamo v. Chater, 142 F.3d 75, 79 (2d Cir. 1998); see also Grey v. Heckler, 721 F.2d 41, 46 (2d Cir. 1983); Marcus v. Califano, 615 F.2d 23, 27 (2d Cir. 1979). Substantial evidence is that which amounts to "more than a mere scintilla," and is defined as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401, 91 S. Ct. 1420, 1427, 28 L. Ed. 2d 842 (1971). Where evidence is deemed susceptible to more than one rational interpretation, the Commissioner's conclusion must be upheld. See Rutherford v. Schweiker, 685 F.2d 60, 62 (2d Cir. 1982).

---

[1] The ALJ's January 17, 2013 decision became the Commissioner's final decision in this case when the Appeals Council denied Plaintiff's request for review.

5. "To determine on appeal whether the ALJ's findings are supported by substantial evidence, a reviewing court considers the whole record, examining the evidence from both sides, because an analysis of the substantiality of the evidence must also include that which detracts from its weight." Williams ex rel. Williams v. Bowen, 859 F.2d 255, 258 (2d Cir. 1988). If supported by substantial evidence, the Commissioner's finding must be sustained "even where substantial evidence may support the plaintiff's position and despite that the court's independent analysis of the evidence may differ from the [Commissioner's]." Rosado v. Sullivan, 805 F. Supp. 147, 153 (S.D.N.Y. 1992). In other words, this Court must afford the Commissioner's determination considerable deference, and will not substitute "its own judgment for that of the [Commissioner], even if it might justifiably have reached a different result upon a *de novo* review." Valente v. Sec'y of Health & Human Servs., 733 F.2d 1037, 1041 (2d Cir. 1984).

6. The Commissioner has established a five-step sequential evaluation process to determine whether an individual is disabled as defined under the Social Security Act. See 20 C.F.R. §§ 404.1520, 416.920. The United States Supreme Court recognized the validity of this analysis in Bowen v. Yuckert, 482 U.S. 137, 140-142, 107 S. Ct. 2287, 2291, 96 L. Ed. 2d 119 (1987), and it remains the proper approach for analyzing whether a claimant is disabled.

7. This five-step process is detailed below:

> First, the [Commissioner] considers whether the claimant is currently engaged in substantial gainful activity. If he is not, the [Commissioner] next considers whether the claimant has a "severe impairment" which significantly limits his physical or mental ability to do basic work activities. If the claimant suffers such an impairment, the third inquiry is whether, based solely on medical evidence, the

>claimant has an impairment which is listed in Appendix 1 of the regulations. If the claimant has such an impairment, the [Commissioner] will consider him disabled without considering vocational factors such as age, education, and work experience; the [Commissioner] presumes that a claimant who is afflicted with a "listed" impairment is unable to perform substantial gainful activity. Assuming the claimant does not have a listed impairment, the fourth inquiry is whether, despite the claimant's severe impairment, he has the residual functional capacity to perform his past work. Finally, if the claimant is unable to perform his past work, the [Commissioner] then determines whether there is other work which the claimant could perform.

Berry v. Schweiker, 675 F.2d 464, 467 (2d Cir. 1982) (per curiam); see also Rosa v. Callahan, 168 F.3d 72, 77 (2d Cir. 1999); 20 C.F.R. § 404.1520.

8. Although the claimant has the burden of proof as to the first four steps, the Commissioner has the burden of proof on the fifth and final step. See Bowen, 482 U.S. at 146 n.5; Ferraris v. Heckler, 728 F.2d 582, 584 (2d Cir. 1984). The final step of this inquiry is, in turn, divided into two parts. First, the Commissioner must assess the claimant's job qualifications by considering his physical ability, age, education and work experience. Second, the Commissioner must determine whether jobs exist in the national economy that a person having the claimant's qualifications could perform. See 42 U.S.C. § 423(d)(2)(A); 20 C.F.R. § 404.1520(f); Heckler v. Campbell, 461 U.S. 458, 460-61, 103 S. Ct. 1952, 1954, 76 L. Ed. 2d 66 (1983).

9. At the time of the ALJ hearing, Plaintiff was 46 years old, with a high school education. (R. 30, 152). He had previously worked as a dishwasher/prep cook, a stock person, and warehouse worker. (R. 152). Plaintiff's alleged disability began on June 23, 2007, with a work related back injury and resultant back and knee pain. (R. 151).

10. In this case, the ALJ made the following findings with regard to the five-step process set forth above: (1) Plaintiff has not engaged in substantial gainful activity since June 30, 2007, his alleged onset date (R. 23)[2]; (2) Plaintiff's left knee meniscus tear, lumbar disc protrusion and impingement on the thecal sac, lumbar disc bulge, and lumbar radiculopathy were "severe" impairments within the meaning of the Act (id.); (3) Plaintiff's impairments do not meet or equal the criteria necessary for finding a disabling impairment under the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1 (R. 23-28); (4) Plaintiff is unable to perform any of his past relevant work (R. 30), but had the residual functional capacity ("RFC") to perform light work, with the following limitations: he would require a cane for walking; no climbing, balancing, stooping, crouching, crawling, or kneeling; no work on ladders, ropes or scaffolds; must be able to change positions from sitting to standing or vice versa at least every half hour; no reaching overhead; and no exposure to extreme cold temperatures (R. 28-30)[3]; and (5) Plaintiff could perform work that existed in significant numbers in the national economy, including as a cashier, a ticket seller, and doing telephone survey work. (R. 30-31). Ultimately, the ALJ determined that Plaintiff was not under a disability, as defined by the Act, at any time from his alleged onset date through December 31, 2012, his date last insured. (R. 31).

11. Plaintiff advances a number of challenges to the ALJ's decision. Plaintiff primarily argues that the ALJ failed to weigh the medical evidence pursuant to the

---

[2] Citations to the administrative record are designated as "R."
[3] "Light work involves lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds. Even though the weight lifted may be very little, a job is in this category when it requires a good deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls. To be considered capable of performing a full or wide range of light work, you must have the ability to do substantially all of these activities. If someone can do light work, we determine that he or she can also do sedentary work, unless there are additional limiting factors such as loss of fine dexterity or inability to sit for long periods of time." 20 C.F.R. § 404.1567(b)

5

relevant regulatory factors and improperly applied the treating physician's rule when he failed to consider functional limitations stated by Plaintiff's orthopedist, Dr. Cameron Huckell, and Plaintiff's pain specialist, Dr. Amrit Singh. See 20 C.F.R. 404.1527. Plaintiff also argues that the ALJ wrongly gave great weight to consultative examiner Dr. Gautam Arora's opinion without due consideration of the regulatory requirements. (Id.). According to Plaintiff, the ALJ's improper weighing of the medical evidence harmed Plaintiff, and, in particular, led to an RFC that did not adequately accommodate Plaintiff's need to change positions "frequently."

12. Under the "treating physician's rule," the ALJ must give controlling weight to a treating physician's opinion when that opinion is "well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence in [the] record." 20 C.F.R. § 404.1527(c)(2); see also Green–Younger v. Barnhart, 335 F.3d 99 (2d Cir. 2003); Shaw v. Chater, 221 F.3d 126, 134 (2d Cir. 2000). The treating physician's rule requires that only a physician's *medical* opinions be given controlling or extra weight. 20 C.F.R. § 404.1527(d); Green-Younger, 2003 WL 21545097, at *6; Shaw, 221 F.3d at 134. The disability determination is reserved to the Commissioner, not a treating physician. 20 C.F.R. § 404.1527(d) (conclusory statements made by doctors are not controlling because it is the Commissioner's task to determine whether an individual is disabled within the meaning of the Act). Consequently, an ALJ is not required to accept a treating physician's conclusion that a plaintiff is totally disabled.

Here, regarding the opinion evidence, the ALJ only stated that he gave great weight to consultative examiner Dr. Arora's assessment and gave no weight to Dr.

6

Huckell's disability statements. (R. 30). This conclusion does not indicate to the Court whether the ALJ gave any weight to the remainder of Dr. Huckell's opinions or to any of Dr. Singh's opinions. Dr. Huckell provided opinions on the extent of Plaintiff's disability, apparently directed at the worker's compensation standards, which the ALJ properly declined to rely upon. (R. 25, citing R. 336 "temporary total disability" since Plaintiff's back surgery). In addition, the ALJ need not abide by Dr. Huckell's opinion that Plaintiff should receive social security benefits, as that conclusion is reserved for the Commissioner. (See R. 752). On the other hand, Drs. Huckell and Singh provided multiple statements regarding the degree of Plaintiff's impairment, as well as multiple characterizations of Plaintiff's limitations, which fall within the scope of the treating physician's rule. Of note, according to Plaintiff, the ALJ failed to consider Dr. Huckell's final treatment note of record, dated October 4, 2012, in which Dr. Huckell reiterated Plaintiff's "permanent work restrictions,"[4] his "permanent partial disability to a marked degree(75%)," and recommended that Plaintiff "apply for and receive Social Security disability benefits." (R. 752).

Although an ALJ is not obligated to specifically address each piece of evidence in his decision, Mongeur v. Heckler, 722 F.2d 1033, 1040 (2d Cir.1983), the ALJ must address key issues with sufficient specificity. Davis v. Astrue, No. 6:09–CV–186 (LEK/GHL), 2010 WL 2545961, at *3 (N.D.N.Y. June 3, 2010) (citations omitted) (citing, *inter alia*, Ferraris v. Heckler, 728 F.2d 582, 587 (2d Cir.1984)). To be sure, the Second Circuit explicitly requires an ALJ to set forth his or her reasoning in such a manner so as

---

[4] According to Dr. Huckell, Plaintiff "should avoid bending, stooping, reaching, twisting, crawling or climbing. [He] should not lift anything greater than 10 pounds. [He] should avoid prolonged standing or walking for more than 30 minutes at one time without a break and the total work day should not exceed 8 hours. Sedentary work only." R. 752.

7

to "enable [reviewing courts] to decide whether the determination is supported by substantial evidence." Szarowicz v. Astrue, No. 11–CV–277S, 2012 WL 3095798, at *8–*10 (W.D.N.Y. July 30, 2012) (citing Davis, 2010 WL 2545961, at *3).  Thus, the ALJ was required to explain his rationale in greater detail.

Additionally, Plaintiff makes the related argument that the ALJ erroneously afforded great weight to Dr. Arora's November 11, 2011 note, and that he failed to comment on inconsistencies between Dr. Arora's examination findings and the other examination findings in the record.  (See R. 603).  For example, Dr. Arora found Plaintiff had a normal gait, was able to walk on heels and toes without difficulty, had a normal stance, and had a non-painful straight leg raise on the right side.  (R. 602).  These findings, according to Plaintiff, contradict Dr. Huckell's consistent findings of an antalgic gait, inability to stand on heels and toes without difficulty, and positive straight leg raise bilaterally.[5]  (See, e.g., R. 303, 311, 750-51).

The ALJ is permitted to rely on, and indeed required to consider, a consultative examiner's opinion, so long as it is also done in accordance with the regulations.  20 C.F.R. 404.1527(c),(e)(2)(ii); see also Lauber v. Colvin, No. 6:14-CV-06146 MAT, 2015 WL 4600356, at *5 (W.D.N.Y. July 29, 2015) ("The Second Circuit also has found that a consultative examiner's opinion can constitute substantial evidence in support of an ALJ's RFC assessment.") (citing Diaz v. Shalala, 59 F.3d 307, 315 (2d Cir. 1995)).  Here, the ALJ "gave great weight to the opinion of the consultative examiner … as it was based on personal observations and examination findings."  (R. 30).  As Plaintiff notes, the treating physicians' opinions are likewise based on personal observation and

---

[5] Upon independent review of the record, Dr. Huckell's treatment notes are ambiguous, and do not indicate "bilateral" positive straight leg raise, as Plaintiff asserts, but consistently state "SLR: Positive in the supine position *on the right at the left at 45°.*"  (R. 312, 327, 331, 335, 650, 656, 751) (emphasis added).

8

examination findings. Thus, the Court cannot determine from the ALJ's explanation for what other reasons he affords Dr. Arora's opinion "great weight."

While the ALJ's ultimate finding of non-disability deserves considerable deference, some record evidence suggests that Plaintiff's symptoms could prevent him from "doing 'substantial' work long-term," as Dr. Huckell opines. (R. 752). Unequivocally, such a statement is not binding on the ALJ, who recites portions of the medical evidence from Drs. Huckell and Singh; however, he does not explain what weight he afforded their medical opinions or why he disagreed with Dr. Huckell's disability conclusions. (R. 30). Such an explanation is required in this Circuit. See Snell v. Apfel, 177 F.3d 128, 133-34 (2d Cir.1999); 20 C.F.R. § 404.1527(d)(2) ("We will always give good reasons ... for the weight we give your treating source's opinion.").

Accordingly, because the ALJ failed to properly apply the treating physician rule, and did not adequately explain why Plaintiff's treating physicians' opinions were not entitled to controlling or extra weight, this case will be remanded. On remand, the Commissioner shall consider Dr. Huckell's and Dr. Singh's medical evidence and opinions and fully explain her consideration of that evidence. See Rivera v. Sullivan, 771 F.Supp. 1339, 1354 (S.D.N.Y.1991) (Commissioner's determination "must contain a sufficient explanation of his reasoning to permit the reviewing court to judge the adequacy of his conclusions").

13. Regarding Plaintiff's need to change positions "frequently," the ALJ attempted to accommodate this with his RFC limitation that Plaintiff "must be able to change positions from sitting to standing or vice versa at least every half hour." (R. 28). Plaintiff avers that this assessment "simply limits [Plaintiff] to alternate between sitting

and standing every half hour" and the ALJ offers no explanation about why it is consistent with the treating physicians' statements that Plaintiff needs to change positions frequently. (See, e.g., R. 698, Dr. Singh, July 2, 2012; R. 752, Dr. Huckell, October 4, 2012). Given this case's remand for further development in accordance with the treating physician's rule, the Court will not address the harmless error analysis as proposed by the Commissioner.

14. Finally, Plaintiff argues that the ALJ failed to adequately develop the record by not seeking clarification from Drs. Huckell and Singh about their "definitive statements that they believed [Plaintiff] was disabled," but that they both "issued somewhat vague statements." This Court offers no opinion on this argument since the case is being remanded. On remand however, the ALJ is encorgaged to seek further clarification.

15. After carefully examining the administrative record, this Court finds cause to remand this case to the ALJ for further administrative proceedings consistent with this decision. Plaintiff's Motion for Judgment on the Pleadings is therefore granted. Defendant's Motion for Judgment on the Pleadings is denied.

IT HEREBY IS ORDERED, that Plaintiff's Motion for Judgment on the Pleadings (Docket No. 9) is GRANTED.

FURTHER, that Defendant's Motion for Judgment on the Pleadings (Docket No. 13) is DENIED.

FURTHER, that this case is REMANDED to the Commissioner of Social Security for further proceedings consistent with this Decision and Order.

FURTHER, that the Clerk of Court shall CLOSE this case.

SO ORDERED.

Dated: September 28, 2015
Buffalo, New York

/s/William M. Skretny
WILLIAM M. SKRETNY
United States District Judge
